YAD O

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

FEB 2 7 2015

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. ) No. 09 CR 672-3
) Judge Ronald A. Guzman
MANUEL FERNANDEZ-VALENCIA )
charged as Manuel Fernandez-Navarro )

PLEA DECLARATION

Defendant Manuel Fernandez-Valencia, through his counsel, Francis C. Lipuma, Susan Shatz and Gustavo Garcia-Montes, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, declares his intent to enter a plea of guilty to count one of the indictment. In support of the guilty plea, Fernandez-Valencia states as follows:

Charges Alleged in the Indictment

1. The indictment charges Fernandez-Valencia with conspiracy to possess with intent to distribute, and to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (count one), conspiracy to import a controlled substance into the customs territory of the United States, in violation of Title 21, United States Code, Section 963 (count two), and attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 (count three).

2. Fernandez-Valencia has read the charges against him as set forth in the indictment, and those charges have been fully explained to him by his legal counsel.

3. Fernandez-Valencia understands the nature and elements of the crimes with which he has been charged.

Charge to Which Fernandez-Valencia is Pleading Guilty

4. Fernandez-Valencia will enter a voluntary plea of guilty to count one of the indictment. Count one charges Fernandez-Valencia with conspiring to knowingly and intentionally possess with intent to distribute, and to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Fernandez-Valencia will plead guilty because he is in fact guilty of the charge contained in count one of the indictment.

Factual Basis

5. In pleading guilty, Fernandez-Valencia admits that in or about November 2008, he conspired with Pedro and Margarito Flores and with others to knowingly and intentionally possess with intent to distribute a controlled substance, namely, 5 kilograms or more of cocaine. Specifically, Fernandez-Valencia agreed with Pedro and Margarito Flores to jointly invest in and purchase on credit approximately 1,040 kilograms of cocaine, which they intended to ultimately distribute to customers in the United States, including Chicago, and elsewhere in the Northern District of Illinois. The logistics of this transaction included transportation of the cocaine from South America to Mexico by another, and delivery to Fernandez-Valencia and his co-conspirators in Mexicali, Mexico. The conspirators then caused the transportation of the cocaine into the United States. Before the cocaine could be transported to and distributed in the Chicago area, the cocaine was seized by law enforcement in the Los Angeles, California area. On or about November 15, 2008, law enforcement seized approximately 600 kilograms of cocaine. On or about November 21, 2008, law enforcement seized approximately 290 kilograms of cocaine. On or about November 30, 2008, law enforcement seized approximately 154 kilograms of cocaine.

## Maximum Statutory Penalties

6. Fernandez-Valencia understands that the charge to which he is pleading guilty carries the following statutory penalties: A maximum sentence of life imprisonment, a mandatory minimum sentence of 10 years' imprisonment, a maximum fine of $4,000,000, and a term of supervised release of at least 5 years and up to life. Fernandez-Valencia also understands that he will be assessed $100 on the charge to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3013, in addition to any other penalty imposed.

## Calculations Under the Sentencing Guidelines

7. Fernandez-Valencia understands that in imposing sentence the Court will be guided by the U.S. Sentencing Guidelines. He further understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consider them in determining a reasonable sentence. Additionally, in determining what constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing as set forth in Title 18, United States Code, Section 3553(a), the Court may impose a sentence within, greater than or less than the applicable range under the Sentencing Guidelines.

8. It is Fernandez-Valencia's position that the Sentencing Guidelines to be considered are those in effect at the time the offense was committed, namely, the November 2008 Federal Sentencing Guidelines Manual. This is a preliminary position and may be reconsidered in light of the U.S. Probation Office's investigation and submission of the Presentence Investigation Report.

9. The base offense level is 38 because the offense involved more than 150 kilograms of cocaine, pursuant to USSG §§ 2D1.1(a)(3) and 2D1.1(c)(1).

10. Fernandez-Valencia understands that the government has the right to introduce relevant conduct as part of the sentencing process, and that he has the right to object to and challenge any proposed relevant conduct. Further, the government may assert that certain enhancements should apply at sentencing. For instance, the government may submit that there should be an increase of two levels because a firearm was possessed in connection with the offense, pursuant to USSG § 2D1.1(b)(1). Moreover, the government may submit that there should be an increase of four levels because the defendant was an organizer or leader of the criminal activity, pursuant to USSG § 3B1.1(a). Fernandez-Valencia objects to those and any other enhancements.

11. Fernandez-Valencia has demonstrated a recognition and affirmative acceptance of his personal responsibility for his criminal conduct, and thus a two-level reduction in the offense level is appropriate, pursuant to USSG § 3E1.1(a). Further, he has timely notified the government of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, and thus a one-level reduction in the offense level is appropriate, pursuant to USSG § 3E1.1(b). Fernandez-Valencia understands that the government may take a position contrary to the application of these provisions at sentencing.

12. Fernandez-Valencia submits that he has accumulated no criminal history points and that his criminal history category is I.

13. Fernandez-Valencia submits that the anticipated final offense level is 35, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 168 to 210 months' imprisonment.

14. Fernandez-Valencia recognizes that these Sentencing Guideline calculations are preliminary and non-binding. Specifically, he recognizes that the U.S. Probation Office will conduct

its own investigation, that the Court will determine the facts and law relevant to sentencing, and that the Court's determinations ultimately govern the final Sentencing Guideline calculation. Fernandez-Valencia further recognizes that he will not have a right to withdraw his guilty plea should the Court rule against his positions on the Sentencing Guidelines or should the Court reject his sentencing arguments and requested sentence.

Additional Sentencing Matters

15. Fernandez-Valencia agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Fernandez-Valencia understands that by pleading guilty, he will be subject to forfeiture to the United States of all right, title and interest that he has in any property constituting proceeds obtained, directly or indirectly, as a result of the offense alleged in count one. The indictment's forfeiture allegation sets forth an estimate of $885,000,000 attributable to the offense. Fernandez-Valencia disputes this figure, waives any right to a jury trial on this matter, and submits that the Court should determine the proper figure traceable to the offense.

17. This Plea Declaration is not binding on the U.S. Attorney's Office. However, Fernandez-Valencia understands that, at the time of sentencing, the government will move to dismiss the remaining counts of the indictment with prejudice.

Waivers of Trial and Certain Appellate Rights

18. Fernandez-Valencia understands that by pleading guilty he surrenders certain rights, including the following:

Fernandez-Valencia has the right to maintain his plea of not guilty, and, if he did, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge.

In order for there to be a trial by the judge, the defendant, the government and the Court all must agree that the trial be conducted by the judge.

If the trial is a jury trial, the jury would be composed of twelve citizens from the district who would be selected at random. Defendant and his counsel would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

The jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

At a trial, whether by jury or judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his counsel would be able to cross-examine them.

Defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

Defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

With respect to appellate rights, defendant understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights identified above. Counsel has explained these rights to defendant as well as the consequences of his waiver of these rights.

Defendant further understands that in pleading guilty there may be consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that nobody, including his counsel or the Court, can predict to a certainty the effect of this conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

Limitations and Consequences of this Plea Declaration

19. Fernandez-Valencia understands that the U.S. Attorney's Office will fully apprise the Court and the U.S. Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation to the issue of sentencing. He further understands that, through his counsel and his own statements, he will

be able to present his view of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in mitigation, at the time of sentencing.

20. Fernandez-Valencia understands that at the time of sentencing his counsel will be free to make any sentencing recommendations he deems appropriate subject to the ten-year mandatory minimum term identified above.

21. Notwithstanding the above, should the Court refuse to accept Fernandez-Valencia's plea of guilty, this Plea Declaration shall become null and void, and Fernandez-Valencia will not be bound to any admissions or concessions made herein. Further, it is defendant's position that should the Court decline to accept this plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

22. Fernandez-Valencia understands that this Plea Declaration will be filed with the Court and will become a matter of public record.

23. Fernandez-Valencia acknowledges that he has carefully reviewed this Plea Declaration with the assistance of a certified interpreter qualified in the Spanish language and with counsel. He and counsel acknowledge that there were no threats, promises, predictions, or representations made, nor agreements reached, to induce him to plead guilty other than what has been set forth in this Plea Declaration.

Dated: 2/27/15

Manuel Fernandez V.
Manuel Fernandez-Valencia

Francis C. Lipuma

Susan Shatz / FCL
Susan Shatz

Gustavo Garcia-Montes / FCL
Gustavo Garcia-Montes