FILED
FEB 27 2015
RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

JUZGADO DE DISTRITO DE LOS
ESTADOS UNIDOS
DISTRICT NORTE DE ILLINOIS
DIVISIÓN ESTE

| | | |
|---|---|---|
| ESTADOS UNIDOS DE AMÉRICA | ) | |
| | ) | |
| v. | ) | No. 09 CR 672-3 |
| | ) | Juez Ronald A. Guzman |
| MANUEL FERNÁNDEZ-VALENCIA | ) | |
| Consignado como Manuel Fernández-Navarro | ) | |

DECLARACIÓN ADMITIENDO CULPABILIDAD

El imputado, Manuel Fernández-Valencia, mediante sus abogados, Francis C. Lipuma, Susan Shatz y Gustavo García-Montes, y de conformidad con la Regla 11 de Las Reglas Federales de Procedimientos Penales, declara su intención de admitir su culpabilidad al cargo uno de la consignación. Fernández-Valencia fundamenta su admisión de culpabilidad de la siguiente manera:

Cargos contenidos en la consignación

1. En la consignación se acusa a Fernández-Valencia de asociación delictuosa (*conspiracy*) para poseer, con la intención de distribuir, y para distribuir substancias de venta controlada, en contravención del Título 21, del Código de los Estados Unidos, artículo 963 (segundo cargo) y de tentativa para poseer con la intención de distribuir una substancia de venta controlada, en contravención del Título 21, del Código de los Estados Unidos, artículo 846 (tercer cargo).

2. Fernández-Valencia ha leído los cargos en su contra tal y como aparecen en la consignación y dichos cargos le han sido explicados plenamente por sus abogados.

3. Fernández-Valencia entiende la naturaleza y los elementos de los delitos por los que ha sido acusado.

Cargos por los que Fernández-Valencia está admitiendo culpabilidad

4. Fernández-Valencia admitirá voluntariamente su culpabilidad por el cargo uno de la consignación. El cargo uno acusa a Fernández-Valencia de una asociación delictuosa (conspiracy) para, con conocimiento de causa y de manera intencional, poseer con la intención de distribuir, y para distribuir substancias de venta controlada, en contravención del Título 21, del Código de los Estados Unidos, artículos 841(a)(1) y 846. Fernández-Valencia admitirá su culpabilidad porque en verdad es culpable del cargo que se contiene en el cargo uno de la consignación.

Fundamentos de hecho

5. Al rendir esta declaración de culpabilidad, Fernández-Valencia admite que en noviembre de 2008, se asoció para conspirar con Pedro y Margarito Flores y con otros individuos que con conocimiento de causa y de manera intencional, poseyeron con la intención de distribuir una substancia de venta controlada, a saber: 5 kilogramos o más de cocaína. Específicamente, Fernández-Valencia acordó con Pedro y Margarito Flores invertir conjuntamente y adquirir a crédito, aproximadamente 1,040 kilogramos de cocaína, con la intención en última instancia de distribuirla a sus clientes en los Estados Unidos, incluyendo Chicago, y en otros lugares del Distrito Norte de Illinois. La logística de esta transacción incluía el transporte de la cocaína de Sudamérica a México por parte de otros, y la entrega a Fernández-Valencia y sus asociados en Mexicali, México. Los miembros de la asociación en ese momento se hacían cargo del transporte de la cocaína a los Estados Unidos. Antes de que la cocaína pudiera transportarse y distribuirse en el área de Chicago, la cocaína fue asegurada por agentes del orden público en el área de Los

Ángeles, California. El 15 de noviembre de 2008, agentes del orden público aseguraron aproximadamente 600 kilogramos de cocaína. El 21 de noviembre de 2008, agentes del orden público aseguraron aproximadamente 290 kilogramos de cocaína. El 30 de noviembre de 2008, agentes del orden público aseguraron aproximadamente 154 kilogramos de cocaína.

<u>Penas máximas conforme a la ley</u>

6. Fernández-Valencia entiende que el cargo por el que está admitiendo ser culpable conlleva por ley las penas siguientes: Una pena máxima de cadena perpetua, una pena mínima obligatoria de 10 años de prisión, una multa máxima de $4,000,000, y un término de libertad vigilada de por lo menos 5 años y un máximo de por vida. Fernández-Valencia también entiende que se le impondrá la obligación de hacer un pago de $100 por el cargo del que está admitiendo ser culpable, de conformidad con el Título 18 del Código de los Estados Unidos, artículo 3013, además de las otras penas que se le pudiesen llegar a imponer.

<u>Cálculo conforme a las pautas de condena</u>

7. Fernández-Valencia entiende que para imponer la pena, el juez empleará como guía las Pautas de Condena de los Estados Unidos. Asimismo, entiende que las pautas de condena son recomendaciones y no son obligatorias, pero el juez debe considerarlas durante la determinación de una pena juiciosa. Además, para determinar qué constituye una pena que sea "suficiente, pero que no vaya más allá de lo necesario" y cumplir con los propósitos de la imposición de la pena contenidos en el Título 18 del Código de los Estados Unidos, artículo 3553(a), el juez puede imponer una pena dentro de los parámetros de las Pautas de Condena aplicables, una pena mayor, o una menor.

8. La postura de Fernández-Valencia es que deben considerarse las Pautas de Condena que estaban en vigor al momento de la comisión del delito, o sea, el Manual Federal de Pautas de

Condena de noviembre de 2008. Esta postura es preliminar y podría reconsiderarse como resultado de la investigación y presentación del informe pre-condenatorio por parte del Departamento de Libertad Condicional de los Estados Unidos (U.S. Probation Office en inglés).

9. El nivel delictivo base es 38 porque el delito comprendió más de 150 kilogramos de cocaína, de acuerdo con las Pautas de Sentencia de los Estados Unidos (USSG) §§ 2D1.1(a)(3) y 2D1.1(c)(1).

10. Fernández-Valencia entiende que el gobierno tiene derecho a presentar conducta relevante como parte del proceso de la imposición de la pena, y que él tiene derecho a objetar y disputar toda conducta relevante que se llegue a proponer. Además, el gobierno podría afirmar que al momento de imposición de la pena deben aplicarse ciertos incrementos a la misma. Por ejemplo, el gobierno podría argumentar que debe haber un incremento de dos niveles por la posesión de un arma de fuego en conexión con la comisión del delito, de conformidad con las Pautas de Sentencia de los Estados Unidos (USSG) § 2D1.1(b)(1). Además, el gobierno podría argumentar que debe haber un incremento de cuatro niveles porque el imputado era uno de los organizadores o líderes de la actividad delictiva, de conformidad con las Pautas de Sentencia de los Estados Unidos (USSG) § 3B1.1(a). Fernández-Valencia objeta todos esos incrementos así como cualquier otro.

11. Fernández-Valencia ha demostrado que reconoce y acepta su responsabilidad personal por su conducta delictiva, por lo que una reducción del nivel delictivo de dos niveles es apropiado, de conformidad con las Pautas de Sentencia de los Estados Unidos (USSG) § 3E1.1(a). Asimismo, él ha notificado oportunamente al gobierno su intención de admitir culpabilidad, evitando así que el gobierno tuviera que prepararse para el juicio, y permitiendo que el juzgado destine sus recursos

de manera eficiente, por lo que es apropiada una reducción de un nivel delictivo, de conformidad con las Pautas de Sentencia de los Estados Unidos (USSG) § 3E1.1(b). Fernández-Valencia entiende que el gobierno podría adoptar una postura contraria a la aplicación de estas reducciones al momento de la imposición de la pena.

12. Fernández-Valencia declara que no ha acumulado puntos por antecedentes penales y que su categoría de antecedentes penales es I.

13. Fernández-Valencia declara que el nivel delictivo final que se anticipa en este caso es de 35, mismo que, combinado con la categoría de antecedentes penales de I que se anticipa en este caso, resulta en una pauta de condena que se anticipa para este caso de 168 a 210 meses de prisión.

14. Fernández-Valencia está consciente que el cálculo de estas pautas de condena es preliminar y no es obligatorio. Específicamente, él entiende que el Departamento de libertad Condicional de los Estados Unidos (U.S. Probation Office) va a practicar su propia investigación para determinar los hechos y las disposiciones jurídicas relevantes para la imposición de la pena, y que las determinaciones del juez son en última instancia las aplicables al cálculo definitivo de las pautas de condena. Fernández- Valencia también entiende que no tendrá derecho a retirar su admisión de culpabilidad en caso de que el juez falle en un sentido contrario a sus posturas adoptadas respecto a las pautas de condena, o en caso de que el juez rechace sus argumentos sobre la imposición de la pena o la pena por él solicitada.

<u>Otros asuntos relacionados con la imposición de la pena</u>

15. Fernández-Valencia consiente a pagar al momento de la imposición de la pena la cuota especial de $100 mediante un cheque de caja o giro bancario pagadero a: Clerk of the U.S.

District Court (Secretario del Juzgado de Distrito de los Estados Unidos).

16. Fernández-Valencia entiende que al admitir su culpabilidad, será sujeto a la incautación a favor de los Estados Unidos de todo derecho, título de propiedad, e interés jurídico sobre todos los bienes que constituyan ingresos obtenidos de manera directa o indirecta como resultado del delito contenido en el cargo uno. La parte de la consignación que se refiere a la incautación de bienes contiene una suma que se calcula en $885,000,000 atribuibles a dicho delito. Fernández- Valencia disputa esa cantidad, renuncia a todos sus derechos a un juicio ante un jurado en este asunto, y manifiesta que el juez debe determinar la cantidad adecuada que pueda vincularse a dicho delito.

17. Esta declaración admitiendo culpabilidad no es vinculante para la Procuraduría Federal de los Estados Unidos (U.S. Attorney's Office). Sin embargo, Fernández-Valencia entiende que, al momento de la imposición de la pena, el gobierno va a desistirse del resto de los cargos contenidos en la consignación, prejuzgando.

Renuncia al juicio y a ciertos derechos de apelación

18. Fernández-Valencia entiende que al declarar que admite su culpabilidad él renuncia a ciertos derechos, incluyendo los siguientes:

Fernández-Valencia tiene derecho a mantenerse en su dicho de no ser culpable, y de hacerlo, tendría derecho a un juicio público y expedito. El juicio podría ser ante un jurado o ante el juez.

Para que pueda celebrarse un juicio ante el juez, el imputado, el gobierno y el juez deben estar de acuerdo de que dicho juicio se ventile ante el juez.

Si el juicio es ante un jurado, el jurado deberá estar integrado por doce ciudadanos del distrito judicial seleccionados al azar. El imputado y sus abogados participarían en la selección del jurado, pidiendo que el juez elimine a posibles miembros del jurado por causa justificada cuando se demuestre un sesgo o alguna otra causa que amerite descalificación, o eliminando a posibles miembros del jurado sin que medie causa justificada ejercitando así sus recusaciones perentorias. El jurado sería instruido en el sentido de que el imputado tiene la presunción de inocencia, que el gobierno tiene la carga de probar la culpabilidad del imputado más allá de duda razonable, y que el jurado no podrá condenarlo, a menos que, después de conocer todas las pruebas, sea persuadido de su culpabilidad más allá de duda razonable, y que debe considerar por separado cada uno de los cargos contenidos en la consignación. El jurado tendría que decidir por unanimidad cada cargo antes de poder emitir un veredicto de culpabilidad o de no culpable por ese cargo. Si el juicio se ventila ante el juez, sin jurado, el juez decidirá sobre los hechos y determinará, después de haber visto todas las pruebas, y de haber considerado por separado cada uno de los cargos, si él, como juez, fue persuadido de que el gobierno ha establecido la culpabilidad del imputado más allá de duda razonable

Durante el juicio, ya sea ante un jurado o el juez, el gobierno estará obligado a presentar a sus testigos y demás pruebas contra el imputado. El imputado podría confrontar a esos testigos de cargo, y sus abogados podrían contrainterrogarlos.

El imputado podría presentar testigos y otras pruebas de descargo. Si un testigo de la defensa no compareciese de manera voluntaria, el imputado podría pedir su comparecencia

mediante el poder de emplazamiento del juzgado. Un imputado no está obligado a presentar ninguna prueba.

El imputado tendría el derecho a no auto-incriminarse para poder negarse a declarar, y no podría inferirse culpa alguna por haberse rehusado a declarar. Si el imputado desease hacerlo, él puede declarar en su propia causa.

Respecto a sus derechos de apelación, el imputado entiende que está renunciando a todas las causales de apelación que podría haber tenido de haber ejercido su derecho a llevar el caso a juicio, y sólo podrá apelar la validez de esta declaración de admitiendo culpabilidad y la pena que se le imponga. El imputado entiende que toda apelación deberá presentarse dentro de 14 días naturales a partir de que se asiente el veredicto condenatorio.

El imputado entiende que al admitir su culpabilidad está renunciando a todos los derechos mencionados en los párrafos anteriores, con excepción de los derechos de apelación arriba señalados. Los abogados han explicado estos derechos al imputado, así como las consecuencias de renunciar a estos derechos.

El imputado además entiende que el admitir su culpabilidad podría acarrear consecuencias a su calidad migratoria en caso de no ser ciudadano de los Estados Unidos. Conforme a la legislación federal, una amplia gama de delitos constituyen delitos que ameritan expulsión del país. La expulsión y otras consecuencias migratorias son material de un proceso separado, sin embargo, y el imputado entiende que nadie, incluyendo sus abogados o el juez, pueden pronosticar con certeza los efectos de esta condena en su calidad migratoria. El imputado declara que quiere declarar admitiendo su culpabilidad independientemente de las consecuencias migratorias que su admisión de culpabilidad pueda acarrear, aún si las consecuencias son la

expulsión automática de los Estados Unidos.

Límites y consecuencias de esta declaración admitiendo culpa

19. Fernández-Valencia entiende que la Procuraduría Federal de los Estados Unidos (U.S. Attorney's Office) informará plenamente al juez y al agente de libertad condicional de los Estados Unidos sobre la naturaleza, tipo y alcance de su conducta respecto a los cargos en su contra, y temas relacionados, incluyendo todos los factores agravantes y mitigantes en la individualización de la pena.

20. Fernández-Valencia entiende que al momento de la imposición de la pena, sus abogados estarán en libertad de presentar todas las recomendaciones sobre la imposición de la pena que consideren apropiadas, sujeto al plazo mínimo obligatorio de 10 años arriba mencionado.

21. No obstante lo anterior, si el juez se niega a aceptar la declaración de Fernández-Valencia admitiendo su culpabilidad, esta declaración admitiendo culpabilidad será nula, y Fernández-Valencia no estará obligado por ninguna declaración, admisión, o concesiones aquí contenidas. Asimismo, la postura del imputado es que si el juez se niega a aceptar esta declaración, esta declaración admitiendo culpabilidad y el procedimiento judicial con motivo de la misma, serán inadmisibles en procedimientos judiciales a futuro, de conformidad con la Regla 11 de las Reglas Federales de Procedimientos Penales y la Regla 410 de las Reglas Federales de Evidencia.

22. Fernández-Valencia entiende que esta declaración admitiendo culpabilidad se presentará en el juzgado y se convertirá en un documento público.

23. Fernández-Valencia declara que ha revisado cuidadosamente esta declaración admitiendo

culpabilidad con la ayuda de un intérprete certificado, versado en el idioma español y con sus abogados. Él y sus abogados manifiestan que no hubieron amenazas, promesas, pronósticos, o declaraciones hechas por nadie, ni se alcanzaron ningunos acuerdos, para inducirlo a declarar admitiendo su culpabilidad, excepto lo que se incluye en esta declaración admitiendo culpabilidad.

Fecha: 2/27/15

Manuel Fernandez V
Manuel Fernández-Valencia

Francis C. Lipuma

Susan Shatz / FCL
Susan Shatz

Gustavo Garcia-Montes / FCL
Gustavo Garcia-Montes